On Rehearing.
We are satisfied that our decision in this cause is wrong, because of a special statute relative to the structure of indictments for the larceny or embezzlement of money.
Under the common law, great particularity was required in laying the charge when money was the object that was stolen. The species of coin, or the kind and denomination of the bank-note, had to be set out with descriptive particularity. Our former opinion followed the common-law authorities in requiring a rigid compliance with these (formerly) essentials. There was also error in stating the prosecution was for the offence, denounced in sec. 810, Rev. Stats. 1870. The prosecution was under sec. 812 as well as the other.
The important matter however is the provision that, in every indictment in which it shall be necessary to make any averment as to any money or any bank-note, it shall be sufficient to describe such money or banknote simply as money, without specifying any particular coin or banknote ; and such allegation, so far as regards the description of the property, shall be sustained by proof of any amount of coin or of any banknote, although the particular species of coin of which such amount was composed, or the particular nature of the bank-note, shall not be proved &c. Rev. Stats, sec. 1061.
A statute, mitigating the rigour of the common-law .requirements was commented on in the State v. Edson, 10 Annual, 229, where the court said — in ruling that the words, ‘ lot of lumber ’ were insufficient description of the thing stolen — “ there is one exception to this general rule contained in Stat. 1845, sec. 3 which declares that in prosecutions for larceny or embezzlements of bank-notes, etc. * * * gold or silver money, or any other property of that kind, it shall not be necessary *1244 to set forth iu the indictment a detailed description thereof, but a general allegation of the amount or amounts, * * shall be sufficient.”
One provision of sec. 1061 of the last revisal is specially for prosecutions, wherein any averment whatever touching money or bank-notes is necessary, in which cases not only is a description of them as money sufficient, but the proof need be only of any amount of coin or of any bank-note, even though the coin or bank-note proved be not of the particular species, or the particular nature, which was charged.
The law of 1845 dispensed with the detailed description which the common law deemed so essential, and the present law dispenses with any other description than merely, money — and goes farther, by dispensing with proof of the particular kind of money charged, and enacts that proof of any kind shall support the indictment.
The defendant was properly convicted. Therefore
It is ordered and decreed that our former judgment is set aside and avoided, and that the judgment of the lower court is affirmed.